OPINION OF THE COURT
Geraldine Eiber, J.
The defendant on June 20, 1978, was arrested and charged with the crime of obscenity in the second degree in violation of section 235.05 of the Penal Law, that he knowingly promoted obscenity in that the defendant did sell a film to the deponent, "A Private Lesson”, and said film had been deemed to be obscene.
*927 This motion to dismiss is made upon the grounds that the information is defective pursuant to CPL 170.35 in that the statute defining the defense is unconstitutional as applied. Further, that the statute as applied violates the defendant’s constitutional rights insofar as it denies the defendant the equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution. The moving papers further state that in view of the fact that section
235.15 of the Penal Law specifically exempts, among others, a motion picture projectionist from prosecution from obscenity, but does not afford the same protection for a cashier in a bookstore. Section 235.15, as amended in 1971, does provide an affirmative defense to motion picture projectionists and other groups of employees of a motion picture theatre an affirmative defense to the charge of the violation of the obscenity statute. The New York State Legislature has seen fit to grant projectionists the right to function in a projection booth and do all the various functions of that position associated with the running of a movie projector and not be subjected to prosecution for obscenity.
The mere fact that this protection as set forth in section 235.15 of the Penal Law does not extend to cashiers in bookstores, does not discriminate and violate the defendant’s constitutional rights to equal protection as guaranteed by the Fourteenth Amendment.
The Legislature has the power to enact laws governing the distribution of obscenity based upon a reasonable basis. When examining the statute in question, strict scrutiny should not be employed since obscene material is not protected by the First Amendment. (Miller v California, 413 US 15, 23, mot for rearg den 414 US 881.) Thus as long as there is some rational relationship between the evil to be eliminated and the classification employed, the statute must be upheld. "In the area of * * * social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,’ it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.’ ” (Dandridge v Williams, 397 US 471, 485; Montgomery v Daniels, 38 NY2d 41.) Thus the legislation must be upheld as constitutional if any statement of facts reasonably may be conceived to justify it.
There appears to be a definite distinction between a proj *928 ectionist and a cashier in a bookstore. Their duties are different; their relationship to the public is different, and it could be assumed that the Legislature in enacting these statutes was well aware and gave full consideration of the fact that a projectionist’s duties consist of changing reels and the other activities that go into making a projector run.
On the other hand, a cashier in a bookstore is readily available to the public and further, permits the material that he has to sell to be taken by the purchaser to leave the store and to carry with it an unchecked wide dissemination of the material involved. It is, therefore, important to note that the function and impact of a projectionist against a function and impact of a cashier, provides the reasonable basis for the statutory distinction. The Legislature no doubt drew upon this distinction and enacted section 235.15 of the Penal Law to deal with it. There is no question in the court’s mind that the distinction is rational and was well planned in the State’s legitimate interest in curbing the flow of obscenity throughout the State.
They have, therefore, imposed criminal liability on only those persons truly responsible for the dissemination to the public at large and therefore, since there does exist a rational relationship between the statute enacted and the State’s interest in the social welfare of its citizens, the court holds the statute as constitutional and does not deny the defendant equal protection as guaranteed by the Fourteenth Amendment and, therefore, the defendant’s application is denied.